# Court of Appeals
# of the State of Georgia

ATLANTA, August 14, 2026

*The Court of Appeals hereby passes the following order:*

## A27A0023. EHRMAN JACKSON v. GEORGIA DEPARTMENT OF HUMAN RESOURCES, EX. REL., AMIR ETERNITY HODGE et al.

In 2005, the trial court entered an order requiring Ehrman Jackson to pay child support. Thereafter, several contempt motions were filed, and Jackson was twice held in contempt. In 2026, Jackson filed a motion to vacate a void judgment, request for judicial notice, and motion to stay enforcement ("Motion to Vacate"), contesting the court's jurisdiction over the entire matter due to a lack of proper service. The court denied the Motion to Vacate, and Jackson filed the instant direct appeal. We, however, lack jurisdiction.

In substance, Jackson's Motion to Vacate challenged the judgment under OCGA § 9-11-60(d)(1), which provides that a motion to set aside a judgment may be brought based upon a "[l]ack of jurisdiction over the person or the subject matter." See *Johnson v. Adcock*, 377 Ga. App. 375, 380(1) (922 SE2d 668) (2025) ("[T]here is no magic in nomenclature. A document is to be construed by its substance or function, rather than by its name.") (citation and punctuation omitted). An appeal from an order denying a motion to set aside a judgment under OCGA § 9-11-60(d) must be made by application for discretionary review. See OCGA § 5-6-35(a)(8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). Likewise, OCGA § 5-6-35(a)(2) requires an application for discretionary appeal as to all "judgments or orders in . . . domestic relations cases." A case involving the collection of child support constitutes a domestic relations case. *Smoak v. Dep't of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak*, 221 Ga. App. at 257. Because Jackson has not followed the mandatory procedure for discretionary review of the subject matter of this case, we do not have jurisdiction. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __08/14/2026__

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*